Summers, C. J.
The defendant was recorder of Franklin county in the year 1909, and was indicted for the embezzlement of $66.00 received by him as interest, and converted to his own use, on public money that he had deposited in bank. The court of common pleas sustained a demurrer to the indictment and the county prosecutor by bill of exceptions, questions the correctness of the ruling.
Section 6841, Revised Statutes, is as follows: “Whoever being charged with the collection, receipt, safe-keeping, transfer or disbursement of the public money or bequest, or any part thereof, belonging to the state, or to any county, township, municipal corporation, board of education, cemetery association or company in this state, converts to his own use, or to the use of any other person, body corporate, association or party whatever, in any way whatever, or uses by way of investment in any kind of security, stock, loan, property, land or merchandise, or in any other manner or form whatever, or loans with or without interest to any company, corporation, association or individual, or, except as hereinafter provided, deposits with any company, corporation or individual any portion of the public money or any other funds, property, bonds, securities, assets or effects of any kind received,' controlled or held *243 by him for safe-keeping or in trust for a specific purpose, transfer or disbursement, or in any other way or manner, or for any other purpose, shall be deemed guilty of embezzlement of so much of the money or other property thus converted, used; invested, loaned, deposited or paid out, and shall be imprisoned in the penitentiary not more than twenty-one years nor less than one year, and fined in double the amount of money or other property embezzled, which fine shall operate as a judgment at law on all of the estate of the party sentenced, and be enforced to collection by execution or other process for the use only of the owner of the property or effects so embezzled, and such fine shall only be released or entered as satisfied by the party in interest as aforesaid. Provided, however, nothing in this act shall be so construed as to make it unlawful for the treasurer of any township, municipal corporation, board of education or cemetery association, to deposit any portion of such public money with any person, firm, company or corporation organized and doing a banking business under the banking laws of the state of Ohio, or the banking laws of the United States. Provided, further, the deposit of any such funds in any such bank shall in no wise release any such treasurer from liability for any loss which may occur thereby.”
It is conceded that by Section 1296-11, Revised Statutes, the money deposited was public money and the court of common pleas ruled, under the statutory provision in that section as to what fees, costs, etc., shall be held as public moneys belonging to the county, that interest on such funds *244 is not public money within the meaning of Section 6841.
In Eshelby v. The Cincinnati Board of Education, 66 Ohio St., 71, it is held that, “The treasurer of a school district who, under favor of the proviso of Section 6841, Revised Statutes, deposits its funds in a bank which allows interest on the average balance of the deposit is required to account to the school district for such interest,” and hence it is contended that interest is embraced within the words “public money” as used in Section 6841. That was a civil action to recover the' interest, and it was held that the interest might be recovered on the ground that the treasurer did not own the money on deposit; that it belonged to the public; that he was merely the custodian of the money, and that the increment follows the principal. It does not necessarily follow, however, from the fact that interest may be recovered in a civil action, that it is public money within the meaning of those words as used in a statute making it a crime to embezzle public money.
The indictment seems to have been drawn upon the assumption that it was the duty of the officer to deposit the public money at interest ’ in bank, and to pay the principal and interest into the county treasury quarterly, for it is expressly so charged in the indictment. But attention to the statute discloses that it is made embezzlement for the officer to loan the public lhoney with or without interest, or to deposit it. However, it is contended that this charge in the indictment may be disregarded for the indictment still charges that *245 the defendant received the interest and converted it to his own- use. It is true that it is so charged, and it may be that the charge in the indictment that it was the duty of the officer to make the deposit may be disregarded, and it is perhaps immaterial whether that was the reason that the officer was indicted for converting the interest and not for depositing the money in bank.
. We do not think that interest is within the purview of the statute, for in the contemplation of the law-makers .there never would be any interest. There could be none unless an officer was guilty of an act made embezzlement by the statute, and so there could be no necessity for making the conversion of interest embezzlement. The purpose of the original legislation is set out in The State of Ohio v. Newton, 26 Ohio St., 265. Briefly, it was to safeguard the public money by keeping it in the custody of the public officer and not to secure for the public any profit or interest he might receive from the use of it.

Exceptions overruled.

Crew, Spear, Davis, Si-iauck and Price, JTJ., concur.